UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| BYRON T. WATTS, | CASE NO. 12-692 (SRN/JSM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| FEDERAL HOME LOAN MORTGAGE CORP., a/k/a FREDDIE MAC, ANNA RESTOVICH BRAUN, WELLS FARGO BANK, N.A., DAVID E. MUELLER, ROXANNE L. DARNELL, EDGAR O. ONGERI, AND REITER & SCHILLER, P.A., | |
| Defendants. | |

_____

SUSAN RICHARD NELSON, United States District Judge

The above matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order [Docket No. 9]. For the reasons set forth herein, Plaintiff's Motion is denied.

**I.   BACKGROUND**

On March 19, 2012, Plaintiff Byron Watts sued the Federal Home Loan Mortgage Corporation ("Freddie Mac") and others alleging that Defendant[1] improperly foreclosed on real property located in Olmsted County, Minnesota. (Complaint [Docket No. 1].) Watts, who is pro se, alleges generally that the mortgage encumbering the property was "null and void" because Defendant refused to provide him with the original promissory

---

[1] Despite naming numerous parties as defendants in the caption of the Complaint, Watts does not differentiate among these parties in the body of the pleading. He refers only to "Defendant."

note, the promissory note he executed has been "fully discharged," and Defendant is liable to him for treble damages in the minimum amount of $525,000.  (Id., Prayer for Relief.)  Two of the named Defendants, Olmstead County Sheriff David Mueller and Olmsted County Deputy Roxanne Darnell, have moved to dismiss the Complaint against them and that motion is scheduled to be heard on June 11, 2012 [Docket No. 5].  There is no evidence that Watts has served any of the other Defendants, including Freddie Mac, and none of these other Defendants have made an appearance in the suit.  (See generally Docket Report.)

On March 13, 2012, Freddie Mac commenced a suit against Watts in the Third Judicial District, Olmsted County, State of Minnesota to evict him from the property.  On March 22, 2012, Olmsted County District Judge Jodi Williamson held an eviction hearing on Freddie Mac's complaint for eviction against Watts.  (Federal Home Loan Mortgage Corporation v. Watts, Register of Actions, 55-cv-12-1646.)  Judge Williamson granted the requested eviction, and entered judgment on March 23, 2012.  However, Judge Williamson stayed the entry of the writ of recovery until April 13, 2012, to permit Watts to seek relief in federal court and to seek the assistance of an attorney.  (Order, 55-cv-12-1646, May 24, 2012.)

Although Watts' federal Complaint was filed on March 19, 2012, Watts did not seek any injunctive relief from this Court until May 23, 2012, when shortly before midnight, he filed the instant motion for a temporary restraining order to prevent his eviction from the property.  (Plaintiff's Motion to Order a Temporary Restraining Order ("Pl's Mot."), p. 1 [Docket No. 9].)  The next morning, on May 24, 2012, Watts filed a supporting affidavit, which appears to be a reprint of the "Plain Statement of Facts"

portion of his Complaint. (Compare Complaint, pp. 4-9 with Affidavit of Byron Watts in Support of Motion for Temporary Restraining Order [Docket No. 9-2].) Watts filed certificates of service indicating that he had served the Motion and Affidavit on the attorneys for Freddie Mac by facsimile [Docket Nos. 9, 12].

Additionally, on May 24, 2012 at 9:30 a.m., in an email to U.S. District Court Judge Susan Richard Nelson, Watts forwarded a Proposed Order granting a Temporary Restraining Order. In this email, Watts indicated that an eviction hearing was scheduled for 10:30 a.m. on May 24, 2012, and that Judge Williamson had asked him "to bring a Temporary Restraining Order from Federal Court to halt the Eviction and prevent the Writ of Recovery from being executed until the Federal case is decided." Watts also stated that he had received a letter from the attorney representing Freddie Mac that the eviction was scheduled to take place on May 25, 2012. Watts claimed that a restraining order was necessary to prevent irreparable harm, "to wit, the depravation (sic) of Plaintiff's legally protected property and all the trauma that goes with it, including damage to Plaintiff's relationships, reputation within the community, and credit rating." (Pl's Mot., p. 2.)

On May 24, 2012, Judge Williamson denied Watts' motions to stay or otherwise prevent his eviction. (Order, 55-cv-12-1646, May 24, 2012.) Judge Williamson noted that Watts had filed "an action in Federal Court, but that no Orders have been issued by that Court and Plaintiff's (sic) assert that they have not been properly served with any Federal pleadings." (Id.) Finding that "[t]his court has given Defendant's (sic) ample opportunity to address their perceived issue with the foreclosure process," Judge Williamson denied Watts' motions in their entirety and concluded that Freddie Mac was

entitled to enforce the Writ of Recovery that the court had previously issued on March 22, 2012. (Id.)

## II.   ANALYSIS

Watts has brought a TRO to prevent the eviction from proceeding forward. Because he fails to identify in his motion which Defendants he is seeking to enjoin from moving forward with the eviction, the Court analyzes his motion against all named Defendants.[2]

### A.   No Injunction Can Issue Against Defendants Darnell and David Mueller

The only parties who have been served to date in this suit are Roxanne Darnell and David Mueller, employees of Olmstead County.  However, as a general rule, a preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party.  Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.")  There is no evidence in the record to indicate that Darnell or Mueller were served with the motion.  Under limited circumstances, Rule 65(b)(1) does allow a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2]   The Court presumes the party responsible for the eviction is Freddie Mac because it was Freddie Mac which brought the eviction action in state court, and Watts served a copy of his TRO motion and affidavit on an attorney from the Wilford, Geske & Cook law firm, which is the same firm that represented Freddie Mac at the eviction hearings.

Fed. R. Civ. P. 65(b)(1)(A), (B). As discussed in Section C, infra, Watts has provided no evidence to support a claim of immediate and irreparable injury, loss, or damage, and he has not provided any information as to efforts made by him to give notice to Darnell and Mueller's attorney regarding the motion. On this basis, Watts' motion for a temporary restraining order against Darnell and Mueller is denied.

### B. No Injunction Can Issue Against Non-Parties

As of the date of this decision, Watts has not effectuated service of the Summons and Complaint on Wells Fargo Bank, N.A., Anna Restovic Braun, George F. Restovich & Associates, Caitlin R. Dowling, Robert Q. Williams, Michael R. Sauer, Wilford, Geske & Cook P.A., Edgar O. Ongeri, and Reiter & Schiller, P.A. Thus, this Court has no personal jurisdiction over these non-parties, and the Court cannot issue an injunction against non-parties. Smith v. Ghana Commercial Bank, Ltd., 379 Fed. Appx. 542, 543 (8th Cir. 2010) ("we agree with the district court that Smith failed to effect service of process, and that the court thus lacked personal jurisdiction over defendants.") (citing Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943, 948 (8th Cir. 1998) (standard of review), cert. denied, 525 U.S. 1018 (1998)). On this basis, Watts' motion for a temporary restraining order against these parties is denied.

As for Freddie Mac, Watts did file certificates of service stating that he had served the TRO motion and affidavit by facsimile on Freddie Mac "c/o" its attorneys Anna Restovich Braun and Michael E. Sauer. (See Docket Nos. 9, 12.) However, Freddie Mac has never been served with the Summons and Complaint nor made an appearance in this case, and there is nothing before the Court to indicate that these

attorneys are representing Freddie Mac in this suit. On this basis, Watts' motion for a temporary restraining order against Freddie Mac is denied.

### C. Plaintiff's Motion Fails on the Merits

This Court has concluded that no TRO can issue against any of the Defendants because it has no personal jurisdiction over those Defendants who have never been served with the Summons and Complaint, and as to Darnell and Mueller, no TRO can issue against them because Watts failed to comply with Rule 65(a) and (b). However, for completeness, the Court briefly analyzes Watts' motion on the merits.

"When evaluating whether to issue a preliminary injunction [or a TRO],[3] a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest." Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 705 (8th Cir. 2011) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). Injunctive relief is an extraordinary remedy and the movant has the burden of establishing the propriety of an injunction. See Roudachevski, 648 F.3d at 705 (citing Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003)); see also Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987) (finding that the movant

---

[3] Courts in the Eighth Circuit apply the same standards to a request for a preliminary injunction and temporary restraining order. See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project, 877 F.2d 707, 708 (8th Cir.1989) (affirming the district court's application of the Dataphase factors to a motion for a temporary restraining order); Jackson v. Nat'l Football League, 802 F. Supp. 226, 229 (D. Minn. 1992) (concluding that the Dataphase factors apply to requests for temporary restraining orders and preliminary injunctions) (citations omitted).

"bore the complete burden of proving that a preliminary injunction should be granted.") (citation omitted).

### 1. Irreparable Harm

According to Watts, the threat of irreparable harm in this case is as follows:

> Denial of TRO will result in irreparable harm, to wit, the depravation of Plaintiff's legally protected property and all the trauma that goes with it, including damage to Plaintiff's relationships, reputation within the community, and credit rating.

(Pl's Mot., p. 2.)[4]

"'[T]he basis of injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies.'" Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (quoting Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 506-07 (1959)). This Court finds that Watts has not met his burden of showing that he will suffer irreparable harm absent a restraining order for two separate reasons.

First, Watts waited a substantial period of time prior to seeking the present injunctive relief, which "vitiates much of the force of . . . allegations of irreparable harm." Beame v. Friends of the Earth, 434 U.S. 1310, 1313 (1977) (denying application for stay pending review of petition for writ of certiorari); Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc., 182 F.3d 598, 603 (8th Cir. 1999) (concluding that the plaintiff's delay in seeking injunctive relief "belies any claim of irreparable injury pending trial," and recognizing that "'delay in moving for preliminary injunctive relief negates any presumption of irreparable harm based on consumer confusion and may, standing alone, justify denial of preliminary injunctive relief.'") (quoting Tough Traveler, Ltd. v.

---

[4] Watts' Affidavit, which is a verbatim recitation of the Complaint, makes no mention of irreparable harm.

Outbound Prods., 60 F.3d 964, 968 (2d Cir. 1995)); see also Tarek ibn Ziyad Academy v. Islamic Relief USA, 794 F. Supp.2d 1044, 1059 (D. Minn. 2011) ("[I]t has also long been recognized that a plaintiff's delay in seeking relief may justify denying a request for injunctive relief because it belies claims of irreparable injury.") (citation omitted); Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc., Civ. No. 09-1091 (JNE/JSM), 2010 WL 2131007 at *1 (D. Minn. May 25, 2010) ("Delay alone may justify the denial of preliminary injunctive relief.") (citation omitted).

"[T]he failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury." Aviva Sports, Inc.. 2010 WL 2131007 at *1 (internal marks and citations omitted). That is true here. Following foreclosure on his property, on March 13, 2012, Freddie Mac initiated an eviction action in Olmsted County District Court against Watts. Watts then commenced the present federal action on March 19, 2012, asserting that defendants had improperly foreclosed on his property. On March 22, 2012, Olmsted County Judge Williamson held an eviction hearing, entered judgment on behalf of Freddie Mac for the recovery of the property, and stayed the entry of the writ of recovery until April 13, 2012, to permit Watts time to seek relief in federal court and to seek the assistance of an attorney. But Watts did not seek relief from this Court. Instead, he waited until the night before the scheduled state court hearing to file his federal motion for a TRO to prevent his eviction. The next morning, about an hour before the hearing before Judge Williamson on May 24, 2012, Watts filed his supporting affidavit in federal court and notified the Court that he needed the TRO entered immediately.

In short, despite knowledge that time was of the essence, Watts did not seek any relief from this Court until hours before the hearing before Judge Williamson. Nothing in the record suggests that Watts was unable to move for injunctive relief sooner, especially given that the state court eviction action was initiated in March -- less than a week before his federal action was commenced. Watts has proven himself capable of seeking relief in state court. The state court even stayed the writ of recovery on March 22, 2012, so that he could receive assistance from this Court. Yet, inexplicably, Watts waited over two months until the eve of his eviction from the property to bring his request for injunctive relief. On these facts, Watts' delay in seeking to enjoin the eviction undermines any contention that he will be irreparably harmed absent an injunction.

Second, Watts has not met his burden to show that any harm resulting from the eviction will not be compensable by monetary damages. Watts has alleged in his email to the undersigned District Court Judge the following types of harm: trauma, and damage to his relationships, reputation within the community, and credit rating. All of these injuries are compensable by money. While an eviction "from a home likely constitutes a significant harm," Watts "has not suggested it is a harm that cannot be adequately compensated through an award of damages." Allen v. Wilford & Geske, Civ. No. 10-4747 (JRT/JSM), 2010 WL 4983487, at *3 (D. Minn. Dec. 02, 2010). In fact, Watts has not even asserted that the property is his primary residence or that he or his family presently live at the residence. Id. (finding no irreparable harm on the basis that even "[t]hough an eviction in this case constitutes a significant harm, Allen has not stated that the eviction will leave her homeless, nor has she stated that compensation

for any alleged harm would be an inadequate remedy."); cf., Hruby v. Larsen, Civ. No. 05-894 (DSD/SRN), 2005 WL 1540130, at *4 (D. Minn. June 30, 2005) (holding that "[i]f denying an injunction results in eviction, then the irreparable harm element is likely met" where the plaintiffs' "ability to find suitable, affordable housing is questionable") (citing Higbee v. Star, 698 F.2d 945, 947 (8th Cir.1983)).

Based on Watts' failure to show irreparable harm, his motion for TRO is denied. See Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) (finding that the failure to show irreparable harm is "an independently sufficient ground upon which to deny" injunctive relief); Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996) ("the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.").

**2.      Probability of Success on the Merits**

In his motion papers, Watts did not address any of the other factors bearing on this Court's analysis as to whether an injunction should issue. Nevertheless, based on the review of the Complaint, this Court finds that there is little chance that Watts will succeed on the merits of the case. First, the Complaint is devoid of any allegations tied to any particular Defendant, making it impossible to assess the merits of his claims against any party. Further, to the extent that Watts' claims for relief (e.g., to declare the mortgage null and void, declare the promissory note fully discharged, and order "Defendant" to pay him at least $525,000 for the "theft" of his property) are premised on the failure of the "Defendant" to provide him with the original note, that theory of liability has been explicitly rejected by the Minnesota Supreme Court and the Eighth Circuit.

See Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 500-01 (Minn. 2009); Stein v. Chase Home Finance, LLC, 662 F.3d 976, 980 (8th Cir. 2011).

Finally, the Court finds meritless Watts' allegations that the failure by "Defendant" to respond to his request for the original note led to a default and consent to judgment against Defendant, entitling Watts to $525,000, and endowing him with a specific power of attorney to perform the duties of the "Defendant" (including filing an Appointment of Successor Trustee, Notice of Rescission, Revocation of Power of Attorney, Certificate of Redemption, and Warranty Deed with the Olmsted County Recorder).  Rule 55 of the Federal Rules of Civil Procedure sets forth the procedure for obtaining a default judgment.  Watts, as the party seeking the default judgment, must first "by affidavit or otherwise show that the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  Fed. R. Civ. P. 55(a).  Then, in light of the relief he is seeking, Watts must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The determination of whether a default judgment is warranted is made by the Court.  Where no Defendants except Darnell and Mueller have been served with the Summons and Complaint, and Darnell and Mueller are proceeding with their defense, there is no basis for a default judgment against any Defendant.

For all of these reasons, and based on the pleadings and record before the Court, Plaintiff's Motion for a Temporary Restraining Order is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT**

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 9] is **DENIED**; and

2.  The Order of Referral [Doc. No. 13] is **VACATED.**


Dated: May 25, 2012                              s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United State District Judge