UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON T WATTS,<br>　　　　　Plaintiff,<br><br>vs.<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, et al<br>　　　　　Defendant. | CASE NO.:  12-CV-692 SRN/JSM<br><br>CASE TYPE:<br><br>QUIET TITLE ACTION<br><br>VERIFIED COMPLAINT |

# QUIET TITLE ACTION

Reference
Court File Number:       55-CV-12-1646 (Eviction Summons in Olmsted County)
Plaintiff File Number:   023944E01
Loan Number:             0020984126
Property Address:        826 4th Avenue NE Byron, Minnesota
Legal Description:

**LOT 11, BLOCK 4, ROLLING HEIGHTS NINTH SUBDIVISION, IN THE CITY OF BYRON, OLMSTED COUNTY, MINNESOTA.**

**I. Jurisdiction and Venue**

　　Qualified Written Request and Request for production of document requesting the original wet ink signature to establish proof of claim was provided to Defendant.  Defendant dishonored the presentment.  Further presentments were made to respond to Defendant actions.  Defendant dishonored all Plaintiff presentments.  Federal Home Mortgage Loan Corporation does business outside the State of Minnesota requiring a Federal judgment to quiet title.

　　An eviction summons was issued on March 13, 2012.  This Quiet Title Action is needed.

**II. JUDICIAL NOTICE**

　　Plaintiff moves this Honorable Court to take Mandatory Judicial Notice under the Federal Rules of Civil Procedure Rule 201 (d) of the following:

　　a. The United States Supreme Court, in *Haines v Kerner* 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence

and that the Court should look to the substance of the complaint rather than the form.

b. In *Platsky v CIA,* 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to the plaintiff so that he could have amended his pleadings accordingly.  Plaintiff respectfully reserves the right to amend this complaint.

c.  Under the Federal Rules of Evidence 1002 and 1003 governing the admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries.  It is unfair to admit a photocopy in the place of an original as there are information contained within the original that is not in a photocopy, specifically the only legally binding chain of title to the promissory note.

d. Under Uniform Commercial Code - ARTICLE 3 -§3-308, all signatures presented that is not on an original format (with the original wet ink signature) is hereby denied and is inadmissible.

## III. Parties

1) The Plaintiff BYRON T WATTS who is the legal title owner of the real estate property located in OLMSTED County.
2) The Defendants joint and several, Federal Home Loan Mortgage Corporation, Wells Fargo Bank, N.A., Reiter & Schiller, P.A., Edgar O. Ongeri, David E. Mueller and Roxanne L. Darnell, wishing to lay claim on the property as a real party of interest, hereinafter Defendant.

Notice to Agent is Notice to Principal.  Notice to Principal is Notice to Agent.

## IV. PLAIN STATEMENTS OF FACT

The Plaintiff has reason to believe that the Defendant was not the real party of interest for the loan he made with HOMESERVICES LENDING, LLC DBA EDINA REALTY MORTGAGE. As a result, Plaintiff sought to obtain clarification from the Defendant.

On or about June 27, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission a Qualified Written Request and Request for production of document requesting the original wet ink signature to establish proof of claim within sixty (60) days, a record of which is attached hereto and incorporated herein in its entirety as Exhibit A (1). Defendant was informed that failure to provide answers to the Qualified Written Request and proof of claim within sixty (60) days will be taken as an administrative default. The Defendant only provided a statement of account. This document failed to answer the Qualified Written Request or to identify the location of the original documents or to link the original lender to the Defendant and verify the alleged debt is valid.

On July 1, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission NOTICE TORTIOUS INTERFERENCE WITH PERSPECTIVE ADVANTAGE to attorney pursuing foreclosure of the property, a record of which is attached hereto and incorporated herein in its entirety as Exhibit B (2). Plaintiff did notify the attorney pursuing foreclosure of the property that an administrative process is under way and that the foreclosure should be postponed until the completion of that administrative process.

On July 6, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission NOTICE TORTIOUS INTERFERENCE WITH PERSPECTIVE ADVANTAGE NOTICE OF DEFAULT, a record of which is attached hereto and incorporated herein in its entirety as Exhibit B (2). Plaintiff did notify the attorney pursuing foreclosure that the Sheriff Sale should be postponed until the completion of the administrative process.

Further evidence that Defendant foreclosure was invalid is shown, a record of which is attached hereto and incorporated herein in its entirety as Exhibit B2 (3). Exhibit B2 (3) clearly indicates that the publication of foreclosure of the property at 826 4th Ave NE Byron, MN 55920 was published in the Stewartville Star newspaper, a newspaper that is not legally recognized for publication of foreclosures in the town of Byron because it has a distribution that is not likely to reach the property at 826 4th Ave NE Byron, MN 55920 as required by statute. The Honorable Judge Williamson declared two similar foreclosure

cases invalid for the same reason.  Case # 55-CV-11-3929 and Case # 55-CV-11-928 in STATE OF MINNESOTA OLMSTED COUNTY DISTRICT COURT THIRD JUDICIAL DISTRICT.

On July 7, 2011, Defendant did respond saying there would be no response to Plaintiff's Administrative Procedure, a record of which is attached hereto and incorporated herein in its entirety as Exhibit C (4).

On July 7, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission to Olmsted County Sheriff notice of suspicion of fraud in the foreclosure of the property, a record of which is attached hereto and incorporated herein in its entirety as Exhibit D (5).  Plaintiff spoke with Olmsted County Sheriff to verify receipt of the notice of fraud.  Olmsted County Sheriff acknowledged the fraud and continued to move forward.

On July 8, 2011, Defendant caused the property to be sold by the Olmsted County Sheriff knowing that concerns of fraud had not been addressed.

On July 26, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission Notice of Right to Cancel which was also filed with the Olmsted County Recorder as document number A-1264393, a record of which is attached hereto and incorporated herein in its entirety as Exhibit E (6).

On or about August 19, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission a second Request for answers to the Qualified Written Request and Production of document requesting proof of claim.  With this second request, Plaintiff informed that should Defendant fail to produce proof of claim within three (3) days, they will have exhausted their administrative remedy to provide valid proof of claim, a record of which is attached hereto and incorporated herein in its entirety as Exhibit A (1).  The Defendant again only provided an unverified statement of account while ignoring the Plaintiff's request for verification of debt point for point as required under the Real Estate Settlement Procedures Act (RESPA).  This document also failed to identify the location of

the original documents or to link the original lender to the Defendant and verify the alleged debt is valid.

On or about August 27, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT for lack of proof of claim, a record of which is attached hereto and incorporated herein in its entirety as Exhibit A (1).  Defendant's failure to honor the presentment constitutes Defendant's acceptance and approval of the granting and conveying of a Specific Power of Attorney to the Plaintiff.  Defendant's failure to honor the presentment also constitutes Defendant's acceptance and agreement to the stipulated aggregate amount of unpaid obligations being Zero ($0.00) and 00/100 dollars.  Plaintiff gave Defendant the opportunity to contest the Notice.

The Defendant failed to respond to the notice.

By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, this matter is deemed res judicata and stare decisis.

Regarding the Sheriff Sale Tortious Interference:
On or about October 21, 2011, Plaintiff did send to Defendant via certified mail and facsimile transmission NOTICE TORTIOUS INTERFERENCE WITH PERSPECTIVE ADVANTAGE, a record of which is attached hereto and incorporated herein in its entirety as Exhibit F (7), Exhibit G (8) and Exhibit H (9).  Defendant asked to provide proof within three (3) days that they did not commit fraud.  Failure to provide said proof constitutes Defendant's assent to grant and convey a specific power of attorney to Plaintiff to perform the duties of the Defendant to remedy the trespass of Defendant.

1  On or about November 10, 2011 Plaintiff did send to Defendant via certified mail and

2  facsimile transmission NOTICE OF FAULT OPPORTUNITY TO CURE, a record of which

3  is attached hereto and incorporated herein in its entirety as Exhibit F (7), Exhibit G (8) and

4  Exhibit H (9), a second request to provide proof that Defendant did not commit fraud.

5

6  On January 6, 2012, Plaintiff did send to Defendant via certified mail and facsimile

7  transmission NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, a record

8  of which is attached hereto and incorporated herein in its entirety as Exhibit F (7), Exhibit

9  G (8) and Exhibit H (9).  Via the default judgment Defendant granted to Plaintiff a specific

10 power of attorney to record documents to perform the duties of the Defendant.  Further, via

11 default judgment Defendant joint and several agrees to pay Plaintiff $525,000 [equal to

12 treble damages].

13

14      The Defendant failed to respond to the notice.

15

16 By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR

17 CONSENT TO JUDGMENT, this matter is deemed res judicata and stare decisis.

18

19 On January 6, 2012, Plaintiff recorded APPOINTMENT OF SUCCESSOR TRUSTEE with

20 the Olmsted County Recorder as document number A-12277035, a record of which is

21 attached hereto and incorporated herein in its entirety as Exhibit I (10).

22

23 On January 6, 2012, Plaintiff recorded NOTICE OF RESCISSION with the Olmsted

24 County Recorder as document number A-1277036, a record of which is attached hereto

1  and incorporated herein in its entirety as Exhibit J (11).  Authority to record this document
2  was given by specific power of attorney by agreement of Defendant.
3
4  On January 6, 2012, Plaintiff recorded NOTICE OF REVOCATION OF POWER OF
5  ATTORNEY & REVOCATION OF SIGNATURE AFFIDAVIT with the Olmsted County
6  Recorder as document number A-1277037, a record of which is attached hereto and
7  incorporated herein in its entirety as Exhibit K (12).
8
9  On January 6, 2012, Plaintiff recorded CERTIFICATE OF REDEMPTION with the Olmsted
10 County Recorder as document number A-1277038, a record of which is attached hereto
11 and incorporated herein in its entirety as Exhibit L (13).  Authority to record this document
12 was given by specific power of attorney by agreement of Defendant.
13
14 On January 6, 2012, Plaintiff recorded WARRANTY DEED TO TRUSTEE with the
15 Olmsted County Recorder as document number A-1277039, a record of which is attached
16 hereto and incorporated herein in its entirety as Exhibit M (14).
17

## V. CLAIMS AND GENERAL ALLEGATIONS

**1.  Defendant and Plaintiff agree the Mortgage / Account balance is $0.00 (zero).**

By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, this matter is deemed res judicata and stare decisis.

The Plaintiff motions this court to order all parties release their claim on both the Mortgage and the property and all assets of the Plaintiff and to remove all references to outstanding debt and derogatory notations on the credit report of Plaintiff and all members of his family.

**2. Defendant and Plaintiff agree the Property is owned by Plaintiff.**

By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, this matter is deemed res judicata and stare decisis.

The Plaintiff motions this court to order all parties release their claim on both the Mortgage and the property and all assets of the Plaintiff and to remove all references to outstanding debt and derogatory notations on the credit report of Plaintiff and all members of his family.

**3. Defendant agrees to pay Plaintiff treble damages for committing fraud.**

The Plaintiff and Defendant agree that the Defendant is acting in fraud to commit theft.

By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, this matter is deemed res judicata and stare decisis.

The Plaintiff motions this court to order the Defendant joint and several to pay treble damages of at least $525,000 for participation in fraud.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully moves this Honorable Court to enter a judgment ordering the following remedies:

1) Declare the Mortgage to be null and void.
2) Declare the promissory note to be declared fully discharged.
3) Order Defendant to remove references to any outstanding debt from the credit reports of the Plaintiff and all members of his family.
4) Order Defendant to remove all derogatory notations from the credit reports of the Plaintiff and all members of his family.
5) Order Defendant to pay at least $525,000 treble damages joint and several for acting in fraud to commit theft.

By agreement between Plaintiff and Defendant and NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT, this matter (items 1-5) is deemed res judicata and stare decisis.

Further:

6) Order Defendant to pay at least $95,000 to Plaintiff to cover Plaintiff's expense for fraud defense, research, document preparation, Notary Public fees, certified mail notification fees, facsimile transmission notification fees and court records filing fees.

The Plaintiff verified that these statements are true and correct to the best of his knowledge under penalty of perjury.

*[Signature: Byron T Watts]*

BYRON T WATTS