## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Byron T. Watts, | Case No. 12-cv-692 (SRN/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Federal Home Loan Mortgage Corporation, a/k/a Freddie Mac; Wells Fargo Bank, N.A.; David E. Mueller, Olmsted County Sheriff; Roxanne L. Darnell, Olmsted County Deputy; | |
| Defendants. | |

Byron T. Watts, pro se, 826 4th Avenue Northeast, Byron, Minnesota, 55920, Plaintiff.

Charles F. Webber and Erin L. Hoffman, Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South 7th Street, Suite 2200, Minneapolis, Minnesota, 55402–3901; James P. Spencer, Olmsted County Attorney, 151 4th Street Southeast, Rochester, Minnesota, 55904, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the undersigned United States District Judge for consideration

of Plaintiff Byron T. Watts' Objection (Doc. No. 56) to United States Magistrate Judge

Janie S. Mayeron's October 30, 2012, Report and Recommendation ("R & R").  (Doc. No.

54.)  The Magistrate Judge recommended dismissing with prejudice Watts' claims against

Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation

("Freddie Mac"), dismissing without prejudice Watts' claims against David E. Mueller

and Roxanne L. Darnell, as well as granting Wells Fargo's and Freddie Mac's Motion to

Dismiss Plaintiff's Complaint, (Doc. No. 21), Wells Fargo's and Freddie Mac's Motion to

Dismiss Plaintiff's Amended Complaint, (Doc. No. 41), and Defendants David E. Mueller

and Roxanne L. Darnell's Motion to Dismiss under Fed. R. Civ. P. 8 and for a More

Definite Statement under Fed. R. Civ. P. 12(e).  (Doc. No. 3.)  For the reasons set forth

below, Plaintiff's objection is overruled and the Court adopts the R & R.

## II.   BACKGROUND

The factual and procedural background of Watts' case is documented in the

Magistrate Judge's R & R and is incorporated herein by reference.[1]  Briefly stated, on

February 24, 2003, Watts and his wife obtained a loan from Homeservices Lending, LLC in

order to purchase a home in Byron, Minnesota.  (Loan App., Doc. No. 43, at pp. 1–16.)  The

property was mortgaged to secure the loan.  (Id.)  On that very day, the mortgage was

assigned to Wells Fargo, which was recorded at the Office of County Recorder in Olmsted

County, Minnesota.  (Id. at p. 17.)  When Watts defaulted on the loan, Wells Fargo began

foreclosure proceedings by advertisement.  (Id. at pp. 18–34.)  On July 8, 2011, Sheriff

Mueller held a foreclosure sale and Deputy Sheriff Darnell executed the sale of Watts'

home to Wells Fargo.  (Id. at pp. 31–33.)  On January 23, 2012, Wells Fargo conveyed the

property to Freddie Mac by limited warranty deed.  (Id. at pp. 35–36.)  Freddie Mac began

eviction proceedings against Watts in state court on March 13, 2012.  Fed. Home Loan

Mortg. Corp. v. Watts, Register of Actions, 55-cv-12-1646.

---

[1]     The Court recites background facts only to the extent necessary to rule on Watts'
objection.

On March 19, 2012, Watts filed a Complaint in this Court, alleging that Wells Fargo, Freddie Mac, Mueller, Darnell and other defendants[2] had no right to foreclose without proving they had the original promissory note.[3] (See Compl., Doc. No. 1, at pp. 1–9.) Mueller and Darnell filed a Motion to Dismiss on April 10, 2012. (Mot. To Dismiss, Doc. No. 3, at pp. 1–2.) Wells Fargo and Freddie Mac filed a Motion to Dismiss on May 31, 2012. (Mot. To Dismiss, Doc. No. 21, at pp. 1–2.) On June 10, 2012, Watts amended his Complaint; Wells Fargo and Freddie Mac responded by filing a Motion to Dismiss Plaintiff's Amended Complaint on June 11, 2012. (Am. Compl., Doc. No. 40, at pp. 1–9; Mot. To Dismiss, Doc. No. 41, at p. 1.)

## III.   DISCUSSION

### A.   Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72; accord D. Minn. LR 72.2(b).

### B.   Objection

Watts does not specifically object to the R & R, rather, he asks the Court to

---

[2]   The Complaint also mentioned Anna Restovich Braun and her law firm George F. Restovich & Associates, as well as Caitlin R. Dowling, Michael R. Sauer, Robert Q. Williams, and their law firm Wilford, Geske & Cook P.A. (Compl., Doc. No. 1, at pp. 1–9.) These parties were not mentioned in the Amended Complaint. (See Am. Compl., Doc. No. 40, at pp. 1–9.) Edgar O. Ongeri and his firm Reiter & Schiller, P.A. were mentioned in both complaints, but it appears they were not served. (See Doc. Nos. 1–62.)

withhold judgment on the motions to dismiss until Wells Fargo and Freddie Mac ("Bank Defendants") have responded to his document production request and an evidentiary hearing has been held to determine if the produced documents "establish standing." (Objection, Doc. No. 56, at p. 1.)  Watts' lack of a specific objection fails on that ground alone.

However, even if the Court assumes that Watts intended to object to the Magistrate Judge's recommendation to grant the Bank Defendants' Motions to Dismiss, the objection has no merit. As the Magistrate Judge properly stated, the theory that Watts puts forth in his complaints—that a foreclosure is invalid if the mortgagee or its assignee does not produce the original promissory note when the borrower defaults—has been repeatedly rejected by the Eighth Circuit and courts in this district. See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1030 (8th Cir. 2012), as corrected (Nov. 28, 2012); Stein v. Chase Home Fin., LLC, 662 F.3d 976, 980 (8th Cir. 2011); Dunbar v. Wells Fargo Bank, N.A., 853 F. Supp. 2d 839, 847 (D. Minn. 2012), as amended (Apr. 12, 2012); Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487, 497 (Minn. 2009).  The Eighth Circuit has clearly stated that the assigned mortgagee is "entitled to commence a foreclosure by advertisement under Minnesota law, even if the promissory note (and the corresponding equitable interest in the mortgage) had been transferred to someone else." Stein, 662 F.3d at 980.  The theory underlying Watts' objection is inapplicable in this jurisdiction.  Therefore, the Magistrate Judge correctly granted Bank Defendants' Motions to Dismiss.

---

[3]     Watts refers to the promissory note as "the original wet ink signature."

4

The Court will also assume that Watts intended to object to the Magistrate Judge's recommendation to grant the Motion to Dismiss by Mueller and Darnell.[4]  (See Objection, Doc. No. 56, at p. 1.)  The Magistrate Judge correctly observed that Watts did not provide the basis of this Court's jurisdiction over the Olmsted County Sheriff and Deputy Sheriff, i.e. whether jurisdiction is based on federal question or diversity.  (See Doc. Nos. 1–62.)  If Watts is able to articulate a claim against these defendants, it would likely be based on state law.  Since the Court is dismissing all the federal claims against the Bank Defendants, the Court chooses to decline supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); see also Mo. Roundtable for Life v. Carnahan, 676 F.3d 665, 678 (8th Cir. 2012).  The Magistrate Judge, therefore, properly determined that Mueller and Darnell's Motion to Dismiss should be granted and the claims against them be dismissed without prejudice.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      Plaintiff's  Objection (Doc. No. 56) to the Magistrate Judge's October 30, 2012, R & R (Doc. No. 54) is **OVERRULED**;

2.      The Magistrate Judge's R & R (Doc. No. 54) is **ADOPTED**;

---

[4]      Watts asks the Court to postpone rendering judgment on the "Motions to Dismiss."  (Objection, Doc. No. 56, at p. 1.)  It is unclear whether the "Motions to Dismiss" refers to all three of the motions since only Wells Fargo and Freddie Mac are

3.      Wells Fargo's and Freddie Mac's Motion to Dismiss Plaintiff's Complaint

(Doc. No. 21) is **GRANTED**;

4.      Wells Fargo's and Freddie Mac's Motion to Dismiss Plaintiff's Amended

Complaint (Doc. No. 41) is **GRANTED**;

5.      This action against Wells Fargo and Freddie Mac is **DISMISSED with**

**prejudice**;

6.      Defendants David E. Mueller and Roxanne L. Darnell's Motion to Dismiss

under Fed. R. Civ. P. 8 and for a More Definite Statement under Fed. R. Civ.

P. 12(e) (Doc. No. 3) is **GRANTED**; and

7.      This action against David E. Mueller and Roxanne L. Darnell is

**DISMISSED without prejudice**.


   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 24, 2013                 s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge

---

mentioned in the Objection.  (Id.)  Nevertheless, the Court will address all three.